**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ARRIVELL WRAGGS, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No.  4:23-cv-00812-JAR |
| | ) |
| SOUTHWEST AIRLINES, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of self-represented plaintiff Arrivell Wraggs, Sr. to proceed in the district court without prepaying fees or costs. Based on the financial information provided in the application, the application will be granted and plaintiff's filing fee will be waived. Additionally, based on initial review, plaintiff's employment discrimination complaint will be dismissed without prejudice.

**Standard of Review**

A complaint filed without prepaying fees and costs by a non-prisoner is subject to pre-service review pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Carter v. Schafer*, 273 Fed. Appx. 581 (8th Cir. 2008) (stating that "contrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service").

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To avoid dismissal, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this employment discrimination complaint against defendants Southwest Airlines ("Southwest") and the St. Louis Airport Police Department under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 ("ADEA") alleging employment discrimination on the basis of race, gender, color, and age. At the time of the

incident, plaintiff was approximately 29 years old and worked for Huntleigh, USA ("Huntleigh"), a company that provides security services for airlines, including Southwest.

Plaintiff's allegations are vague, but he states that in June 2022, he was performing his job duties for Huntleigh at the St. Louis airport and was beaten by a Southwest employee. The Southwest employee, a white woman, called him "little boy," punched him, grabbed his hair, calling his dreadlocks "nappy," and pulled out some of his hair. He states the Southwest employee had never had a word with him prior to this incident.

Plaintiff states that he was humiliated in front of pilots, flight attendants, customers, and Southwest and Huntleigh employees. He called for Southwest supervisors and management to handle the situation along with the St. Louis Airport Police Department. He alleges that the woman who assaulted him "disappeared for a few months then started back with the company after the assault." He states that he tried to press charges with the St. Louis airport police, but he was told by Officer Phillips that there was nothing the airport police could do for him.

For relief, plaintiff seeks an unspecified amount of damages to "hold Southwest Airlines accountable for the humiliation and depression that I am still currently traumatized by financially and emotionally." He seeks to hold the St. Louis Airport Police Department accountable for depriving him of his right to press charges.

## Discussion

Plaintiff has asserted Title VII claims of employment discrimination arising out of the incident with the Southwest employee in June, 2022. At the time, plaintiff was employed by Huntleigh, a company that contracted with Southwest. Plaintiff has not sued Huntleigh for employment discrimination; he has sued defendants Southwest and the St. Louis Airport Police

Department. Plaintiff has made no factual allegations against Huntleigh, whether related to employment discrimination or otherwise.

Title VII prohibits "unlawful employment practice[s]" by an "employer" only. *See* 42 U.S.C. § 2000e-2(a). Title VII states that it shall be unlawful "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . ." *Id.* Plaintiff's employer is Huntleigh. Plaintiff can only bring an employment discrimination case against his own employer. He cannot maintain an employment discrimination action against the employer of his attacker, Southwest. The Court cannot find that Southwest or the St. Louis Airport Police Department were plaintiff's employer and therefore plaintiff's employment discrimination suit must be dismissed.

Additionally, to state a claim under Title VII for employment discrimination, plaintiff must experience an adverse employment action arising out of the alleged discrimination. "An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage." *Clegg v. Ark. Dep't of Corr.*, 496 F.3d 922, 926 (8th Cir. 2007); *see also Jackman Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013) (characterizing "termination, cuts in pay or benefits, and changes that affect an employee's future career prospects" as adverse employment actions). Here, plaintiff alleges he was attacked by a Southwest employee because of his race. He has not alleged any changes to his duties or working conditions at Huntleigh arising out of this occurrence. Nor does he allege any changes that would affect his future career arising out of the alleged racial discrimination. At the time plaintiff filed suit, he was still employed by Huntleigh, and he has made no allegations against

-4-

his employer. *See* ECF No. 2. Plaintiff has not established a plausible adverse employment action sufficient to sustain his Title VII claim.

Finally, although plaintiff has checked the box on the form employment discrimination complaint for age discrimination under the ADEA, he makes no factual allegations regarding any discrimination based upon his age. He states that he was born in 1994, which would make him approximately 29 years old at the time of the attack. The ADEA does not address discrimination against employees, age 29, because of their age. *See Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age").

Because plaintiff has not alleged defendants were his employer and has not alleged an adverse employment action, his employment discrimination complaint will be dismissed without prejudice on initial review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An order of dismissal will accompany this memorandum and order.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

Dated this 19th day of October, 2023.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE